IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

STONEGATE BANK,
a Florida banking corporation,

  Plaintiff,

-vs-

TD BANK, N.A.,

  Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, STONEGATE BANK ("Stonegate"), by and through the undersigned counsel, and hereby sues Defendant, TD BANK, N.A. ("TD Bank"), alleging as follows:

### The Parties, Jurisdiction And Venue

1. Plaintiff, Stonegate, is a Florida corporation authorized to do business in the State of Florida with its principal office in Broward County, Florida.

2. Defendant, TD Bank, is a national banking association authorized to do business in the State of Florida that has its main office located in the State of Delaware. TD Bank maintains a network of retail banking branches in Broward County, Florida.

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and complete diversity exists between Stonegate and TD Bank as Stonegate's principal place of business and state of incorporation is in Florida and TD Bank is a citizen of Delaware as its main office is located in Delaware.

4. This Court has personal jurisdiction over TD Bank pursuant to Fla. Stat. § 48.193(1)(a), (c), (g) and (2) because, at all times material, TD Bank operated, conducted, engaged in, and carried on a business venture in Florida; maintained offices in Florida; owned, possessed and held a mortgage on real property in Florida; breached a contract in Florida; and engaged in substantial and not isolated activity within Florida.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C § 1391(b)(1) and (2) because TD Bank resides in the Southern District of Florida as residency is defined in 28 USC § 1391(c)(2) and (d) and a substantial part of the events giving rise to Stonegate's claims, including TD Bank's breach as alleged in Counts I and II below, occurred within the Southern District of Florida, in Broward County.

### Allegations Common to all Counts

### The Participation Agreement

6. On March 26, 2008, Integrity Bank ("Integrity") and Fairfield Financial Services, Inc. ("Fairfield") entered into a Participation Agreement. A true and correct copy of the Participation Agreement is attached hereto and incorporated herein as **Exhibit "A"**.

7. Stonegate is the successor-in-interest to Integrity, defined as the "Participating Bank" in the Participation Agreement by virtue of an Assignment of Participation Interests and Assumption of Obligations Thereunder dated November 12, 2009 by the Federal Deposit Insurance Corporation as Receiver for Integrity Bank, as Assignor. A true and correct copy of the Assignment is attached hereto and incorporated herein as **Exhibit "B"**. TD Bank is the successor-in-interest to Fairfield, defined as the "Originating Bank" in the Participation Agreement.

8. As per the Participation Agreement, Originating Bank sold, and Participating Bank purchased, an undivided 10.7142% interest in a $26,925,557.21 construction loan (the "Loan") to Chaven Investments, LLC ("Chaven") together with collateral to secure the Loan (the "Collateral"), and all direct and indirect proceeds of the Collateral (collectively, the "Participation Interest"). Participating Bank's undivided 10.7142% interest in the principal of the Loan as of March 26, 2008 was $2,884,858.05.

9. Section 1 of the Participation Agreement provides, in relevant part:

> Originating Bank hereby sells, grants, transfers, assigns, and conveys to Participating Bank, without recourse, and Participating Bank hereby agrees to purchase and acquire from Originating Bank, an undivided interest in Originating Bank's right, title and interest, now existing or hereinafter acquired, as described below, in each loan comprising the Loan as summarized below, held by Originating Bank, together with an undivided interest in any and all security interests, security titles or other encumbrances which Originating Bank has in or to any personal or real property collateral to secure the Loan (the "Collateral") and all direct and indirect proceeds of the Collateral (collectively the "Participation Interest").

*See* Participation Agreement at Section 1 (Page 1). This provision is unambiguous. Originating Bank sold, and Participating Bank purchased, an undivided interest in the Loan, the Collateral and all direct and indirect proceeds of the Collateral, defined as the Participation Interest.

10. Section 2 of the Participation Agreement provides, in relevant part:

> This Agreement is intended, and shall be construed, to convey title to the Participation Interest to the Participating Bank. It is expressly understood that the relationship between Originating Bank and Participating Bank created hereunder pertaining to the Participation Interest shall be that of a seller and purchaser, respectively, and nothing herein contained is intended, or shall be construed, as creating a loan by Participating Bank to Originating Bank or any other relationship of debtor and creditor between Originating Bank and Participating Bank…Participating Bank acknowledges and agrees that, by purchasing its Participation Interest in the Loan, it is participating in the Loan and is not investing in a business enterprise or purchasing a security.

*See* Participation Agreement at Section 2 (Page 4).  This provision is unambiguous. Title to the Participation Interest was conveyed by Originating Bank to Participating Bank.

11. Section 8 of the Participation Agreement provides, in relevant part:

> Originating Bank shall, until Participating Bank's Participation Interest in the Loan has been repaid in full: (i) hold the original promissory notes and, to the extent actually received by Originating Bank, all other documents evidencing or providing security for the Loan or containing agreements in respect to the sale or repayment of the Loan (hereinafter referred to collectively as the "Loan Documents") for the benefit of itself and Participating Bank (each party being deemed to have an undivided interest in the Loan Documents in proportion to their respective percentage interests in the Loan).

*See* Participation Agreement at Section 8 (Page 6).  This provision is unambiguous.  Originating Bank was obligated to hold the Loan Documents until Participating Bank's Participation Interest in the Loan was paid in full.

12. Section 19 of the Participation Agreement, provides that:

> This Agreement shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors and assigns. Nothing contained herein shall restrict Originating Bank's or Participating Bank's rights to transfer or assign its respective interest in the Loan.

*See* Participation Agreement at Section 19 (Page 10).  This provision is unambiguous.  The Participation Agreement is binding on TD Bank and Stonegate as the successors and assigns from the original Originating and Participating Banks, Fairfield and Integrity, respectively. TD Bank or Stonegate may transfer or assign only their own respective interests in the Loan.

13. There is no provision in the Participation Agreement that provides TD Bank with the rights to transfer, assign or sell Stonegate's Participation Interest in the Loan.

### **TD Bank's Breach of the Participation Agreement**

14. On December 16, 2010, TD Bank, Stonegate and twelve other banks that had purchased separate participation interests in the Loan (the "Loan Participants"), held a

4

teleconference to discuss the impending January 12, 2011 maturity date of the Loan.  Later that month, TD Bank met with Chaven (the Borrower) and Chaven requested an extension of the maturity date.  Chaven's request for an extension was denied and a demand was made upon Chaven to repay the loan in full.  Chaven did not repay the Loan so it went into default.

15.     In August of 2011, Landology, LLC ("Landology") and representatives of the Borrower met with TD Bank and offered to purchase the defaulted Loan on a discounted basis.  TD Bank conveyed the offer to Stonegate and the other Loan Participants. Stonegate rejected the offer.  A final Loan Sale Agreement with Landology was submitted for approval by TD Bank to Stonegate and the other Loan Participants in December of 2011.  Stonegate refused to accept the Loan Sale Agreement.

16.     Notwithstanding Stonegate's refusal to approve the Loan Sale Agreement, TD Bank proceeded to sell the Loan to Chaven, the Borrower/Mortgagor, including Stonegate's Participation Interest, without Stonegate's consent.  The sale occurred at a substantial discount.  At the time the Loan was sold, approximately $16,000,000.00 remained due from the Borrower, the Loan was secured by a mortgage on valuable real estate, and the Loan was guaranteed by multiple individuals with significant assets.  TD Bank's sale of Stonegate's Participation Interest without Stonegate's consent constituted a breach of the Participation Agreement and a default by TD Bank.

17.     Accordingly, on February 16, 2012, Stonegate served a notice upon TD Bank concerning TD Bank's default, and Stonegate's intent to exercise its contractual right to sell the Participation Interest to TD Bank for an amount equal to the aggregate of all principal, interest, fees and other sums due if TD Bank failed to cure within 30 days.  Stonegate served additional notices upon TD Bank on March 12, 2012 and March 21, 2012.  True and correct copies of the

February 16th, March 12th and March 21st notices are attached hereto and incorporated herein as composite **Exhibit "C"**.

18.  TD Bank has failed to cure its default under the Participation Agreement and the subsequent failure to repurchase Stonegate's Participation Interest is itself a breach of the Participation Agreement.

19.  All conditions precedent to the commencement of this action have occurred, been excused or waived.

20.  As a result of TD Bank's breach of the Participation Agreement and otherwise wrongful conduct, Stonegate has retained the undersigned counsel to prosecute this action. Stonegate is obligated to pay them a reasonable fee for their services.

21.  Section 20 of the Participation Agreement, provides, in part, that "the laws of the State of Georgia shall govern the interpretation, validity and enforceability hereof, without regard to the conflicts of law rules thereof." *See* Participation Agreement at Section 20 (Page 10).

## COUNT I – BREACH OF CONTRACT
### (Section 13 of the Participation Agreement)

22.  Stonegate re-alleges and incorporates by reference the allegations of Paragraphs 1 – 21 of this Complaint as though fully set forth herein.

23.  The March 26, 2008 Participation Agreement is a contract binding upon Stonegate and TD Bank.  *See* Exhibit A.

24.  Section 13 of the Participation Agreement, governing a breach by TD Bank, provides, in relevant part:

> Participating Bank shall, in addition to all other remedies available to it at law or in equity, have the unilateral right (but not the obligation) to sell to Originating Bank, regardless of regulatory or self-imposed lending limits of Originating Bank,

its Participation Interest for an amount equal to the aggregate of all principal, interest, fees and other sums due with respect to its Participation Interest, if: (a) Originating Bank shall fail to cure any default by Originating Bank under this Agreement within thirty (30) days after notice from Participating Bank specifying the default…Participating Bank shall have the right to maintain an action for specific performance against Originating Bank to enforce Participating Bank's rights under this Section 13.

*See* Participation Agreement at Section 13 (Pages 7-8).

25. Stonegate complied with Section 13 by serving notice upon TD Bank concerning TD Bank's breach and default under the Participation Agreement. *See* Exhibit C. TD Bank failed to cure its default and to repurchase Stonegate's Participation Interest. The subsequent failure to repurchase Stonegate's Participation Interest is itself a breach of the Participation Agreement.

26. Stonegate is entitled to performance of the Participation Agreement for damages.

WHEREFORE, Plaintiff, STONEGATE BANK, hereby demands this Court for entry of judgment in its favor and against Defendant, TD BANK, N.A., directing that TD Bank be required to perform the Participation Agreement for damages, together with an award of costs and, prejudgment and/or post-judgment interest, as applicable, and for such other and further relief as is deemed just and proper.

## COUNT II – BREACH OF CONTRACT
### (Damages)

27. Stonegate re-alleges and incorporates by reference the allegations of Paragraphs 1 – 21 of this Complaint as though fully set forth herein.

28. The March 26, 2008 Participation Agreement is a contract binding upon TD Bank and Stonegate. *See* Exhibit A.

29. TD Bank breached the Participation Agreement by selling Stonegate's Participation Interest without Stonegate's consent.

7

30. Stonegate has suffered damages as a result of TD Bank's breach of the Participation Agreement.

WHEREFORE, Plaintiff, STONEGATE BANK, hereby demands this Court for entry of judgment in its favor and against Defendant, TD BANK, N.A. for damages, together with an award for costs, prejudgment and/or post-judgment interest, as applicable, and for such other and further relief as is deemed just and proper.

## COUNT III –WILLFUL MISCONDUCT

31. Stonegate re-alleges and incorporates by reference the allegations of Paragraphs 1 – 21 of this Complaint as though fully set forth herein.

32. This is an action for Willful Misconduct.

33. Notwithstanding Stonegate's unequivocal refusal to approve the Loan Sale Agreement and without Stonegate's consent or authorization, TD Bank sold Stonegate's Participation Interest at a substantial discount.

34. As a result of Stonegate's express refusals to authorize a sale of its Participation Interest, TD Bank was aware that its unauthorized sale of Stonegate's Participation Interest would subject Stonegate to the risk of harm; that is, the Participation Interest would be sold at a substantial discount without Stonegate's consent.

35. As a reasonably prudent banking institution, TD Bank recognized and appreciated the substantial probability of harm to Stonegate when it sold the Participation Interest at a substantial discount without Stonegate's consent.

36. TD Bank sold Stonegate's Participation Interest with conscious indifference and reckless disregard to Stonegate's rights.

37. As a result of TD Bank's willful misconduct, Stonegate suffered damages.

WHEREFORE, Plaintiff, STONEGATE BANK, hereby demands this Court for entry of judgment in its favor and against Defendant, TD BANK, N.A. for damages, together with an award for costs and attorney's fees pursuant to O.C.G.A. § 13-6-11, prejudgment and/or post-judgment interest, as applicable, and for such other and further relief as is deemed just and proper.

Dated this 3rd day of August, 2012.

Respectfully submitted,

s/ Michael P. Hamaway
MICHAEL P. HAMAWAY, 081302
Email: mhamaway@mbhlawyer.com
JOSHUA L. ZIPPER, 0045247
Email: jzipper@mbhlawyer.com
MOMBACH, BOYLE & HARDIN, P.A.
500 East Broward Boulevard, Suite 1950
Fort Lauderdale, Florida 33394
Telephone: (954) 467-2200
Facsimile: (954) 467-2210
Attorneys for Plaintiff, Stonegate Bank