IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 12-cv-61521-WPD

STONEGATE BANK,
a Florida banking corporation,

     Plaintiff,

vs.

TD BANK, N.A.,

     Defendant.
_____/

**PLAINTIFF'S SUPPLEMENTAL REPLY TO
DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF STONEGATE BANK'S MOTION FOR JUDGMENT ON
THE PLEADINGS OR, ALTERNATIVELY,
FOR SUMMARY JUDGMENT AS TO COUNTS I AND II**

Plaintiff, STONEGATE BANK ("Stonegate"), files this supplement to its Reply [DE 57] to the Defendant's, TD BANK, N.A. ("TD Bank"), Memorandum of Law in Opposition ("Response") [DE 47] to Stonegate's Motion for Judgment on the Pleadings or, in the alternative, Summary Judgment as to Counts I and II of its Complaint ("Motion") [DE 36] and states:

On May 2, 2013, Charles S. Flint ("Flint") filed his original Declaration in opposition to Stonegate's Motion. [DE 47-1]. In support of TD Bank's Response, Flint testifies that earlier drafts of the Participation Agreement (with varying approval thresholds for Section 16(b) actions) reflect the Participant Banks' intent that a loan sale falls within the purview of Section 16(b). This argument is premised upon the Flint's original Declaration testimony that "all 14 Participating Banks signed the same Participation Agreements in 2006, 2007 and 2008…."[1] Flint Decl. [DE 47-1], ¶ 5.

---

[1] Flint gave the same testimony in his Declaration in support of TD Bank's Motion to Transfer Venue [DE 11-1].

On June 5, 2013, Flint filed his Supplemental Declaration [DE 58-1] to his original Declaration ("Supplemental Declaration"). The "clarification and correction" is described in the Supplemental Declaration, thusly:

> My original Declaration stated that all 14 Participating Banks signed the same Participation Agreements in 2006, 2007, and 2008…However, Mercantile Bank's March 26, 2008 signed Participation Agreement **differed in some respects** from the other Participating Banks' individual Agreements dated March 26, 2008…At the request of Mercantile, Fairfield Financial Services, Inc. ("Fairfield") made **certain revisions** to Mercantile's Participation Agreement before execution....

Supplemental Declaration [DE 58-1], ¶¶ 4-6. (Emphasis supplied).

Mr. Flint's Supplemental Declaration does not describe *how* Mercantile Bank's Participation Agreement "differed in certain respects," leaving it for Stonegate and the Court to discover the differences on their own. As it were, those "certain revisions" pertain to <u>Section 16(b)</u> of Mercantile Bank's/TD Bank's Participation Agreement when it was still a Participant. They are in bold-underline, as follows:

> Without the prior written consent of the holders of 75% or more of the outstanding interest in the Loan, Originating Bank shall not: (i) make or consent to any modification, amendment, or termination of any of the material terms or conditions of the Loan Documents (without limiting the foregoing a "material" term includes the interest rate, the specific collateral pledged, guaranties made, scheduled term and maturity date, required covenants, and like provisions), (ii) make or consent to any release of any guarantor or release, modification, substitution, or exchange of any of the Collateral given as security for the Loan, (iii) accelerate the maturity date of the Loan; make or consent to any extension or renewal of the Loan; ~~or~~ (iv) commence any foreclosure or other legal action or proceeding for the collection of the Loan**; (v) sell, transfer, or assign the Note, or (iv) make or consent to any agreement with other creditors of Borrower**.

Exhibit "C" to Flint Decl. [DE 47-1].

2

As established by Flint's Supplemental Declaration, no other Participating Bank has this extra language in its Participation Agreement, including Stonegate. No other Participating Bank's Section 16(b) authorizes the Originating Bank (TD Bank) to "sell, transfer, or assign the Note", including Stonegate's.

The implication of Mercantile Bank's request for the additional "sell, transfer or assign the Note" language is obvious: without it, Section 16(b) does not give TD Bank the authority to enter into the Loan Sale Agreement. In short, in 2008, when TD Bank's predecessor, Mercantile Bank (with Flint in charge) was a 28% *Participant* in the Loan, and the Participation Agreements were being revised, Mercantile Bank negotiated and obtained the very express language that its Response asks this Court to now read into the actual Section 16(b) that was agreed to by all of the other Participant Banks.

The patent acknowledgment by Flint and Mercantile Bank that Section 16(b) does not authorize a loan sale without additional language is dispositive as to TD Bank's Section 16(b), 75% approval defense.

WHEREFORE, the Plaintiff, STONEGATE BANK, respectfully requests this Court enter an Order granting judgment on the pleadings or, in the alternative, partial summary judgment as to Counts I and II, and for such other and further relief as this Court deems just and proper.

>Respectfully submitted,
>
> s/ Michael P. Hamaway
>MICHAEL P. HAMAWAY, 081302
>Email: mhamaway@mbhlawyer.com
>JOSHUA L. ZIPPER, 0045247
>Email: jzipper@mbhlawyer.com
>MOMBACH, BOYLE, HARDIN & SIMMONS, P.A.
>500 East Broward Boulevard, Suite 1950
>Fort Lauderdale, Florida 33394
>Telephone: (954) 467-2200
>*Attorneys for Plaintiff Stonegate Bank*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 6, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              s/ Michael P. Hamaway
                                              Michael P. Hamaway

## **SERVICE LIST**

*Stonegate Bank v. TD Bank, N.A.*
CASE NO.: 12-cv-61521-WPD

SCOTT L. CAGAN, ESQUIRE
Scott.Cagan@gray-robinson.com
CORTNEY R. KAISERMAN, ESQUIRE
Cortney.Kaiserman@gray-robinson.com
GRAYROBINSON, P.A.
401 East Las Olas Boulevard
Suite 1850
Fort Lauderdale, FL  33301
Telephone:     (954) 761-8111
Facsimile:     (954) 761-8112

*Attorneys for Defendant*